Willia B. SCREEN, Plaintiff,

v.

**NEW YORK CITY DEPARTMENT OF FINANCE, New York City Civil Service Commission, Defendants.**

**No. 76 Civ. 308 (WCC).**

United States District Court, S.D. New York.

Jan. 4, 1984.

Willia B. Screen, pro se.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York

City, for defendants; Valarie L. Bacon, Asst. Corp. Counsel, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

In an Opinion and Order dated October 28, 1983, this Court denied plaintiff's motion for summary judgment and scheduled this case for trial commencing on January 3, 1984. Because plaintiff had previously exhibited a reluctance to proceed to trial, I provided her with another copy of the Court's pretrial instructions, which had previously been sent to her on March 14, 1983, see Appendix A, and admonished her that strict adherence to the Court's time schedule would be required, see Screen v. New York City Dep't of Fin., slip op. at 4 (S.D. N.Y. Oct. 28, 1983) (WCC).

On December 12, 1983, my law clerk wrote to plaintiff to remind her of the January 3, 1984 trial date and to advise her again that her failure to comply in a timely manner with the Court's pretrial instructions could result in dismissal of her claim for want of prosecution. See Appendix B. Following a phone call from plaintiff on December 14th, in which she informed the Court that she had filed a notice of appeal from this Court's October 28, 1983 Opinion and Order denying her motion for summary judgment, I instructed my law clerk to write to plaintiff again. By that letter dated December 16, 1983, plaintiff was informed that her notice of appeal from a plainly nonappealable, interlocutory order would be treated as a nullity, and that trial would proceed as scheduled on January 3, 1984. See Appendix C.

In accordance with the Court's pretrial instructions, plaintiff was required to submit an agreed statement of facts and proposed jury charges no later than Tuesday, December 27th. Although the Court received defendants' submissions, including their proposed version of an agreed statement of facts to which plaintiff had refused to reply, plaintiff failed to file any papers or to communicate in any other way with the Court. Two days later, on December 29, 1983, my law clerk sent plaintiff a special delivery letter reminding her of this failure and urging her to contact chambers immediately. See Appendix D. Plaintiff did not respond to this final notice, and in addition she failed to provide defendants with a set of premarked exhibits and a list of witnesses as the pretrial instructions required her to do by Friday, December 30, 1983.

On January 3, 1984, just five minutes before the scheduled commencement of trial, plaintiff telephoned my chambers and informed my law clerk that she would not be appearing in court for her "meeting with the judge," claiming that she was "not feeling well." She stated that she had not complied with the Court's pretrial instructions because she was too busy with matters pending before the Second Circuit Court, and in addition she mentioned that she would be consulting the Attorney General with respect to certain class allegations relevant to this matter. Plaintiff refused, however, to appear for trial.

On the basis of these events, plaintiff's complaint must be dismissed with prejudice for want of prosecution. Her conduct in this action is an extreme example of abuse of the judicial system. This action has been pending for almost eight years, and has been the subject of interlocutory appellate review on several occasions due to plaintiff's frivolous appeals. Since the action was reassigned to me in March 1983, I have, in view of plaintiff's pro se status, been extremely cooperative with and tolerant of her manner of litigating her claim. As soon as I received the case, I offered plaintiff my first available trial date, to which she objected originally because it was not soon enough, later because it was too soon to allow adequate preparation and ultimately because there were no fact issues to be tried. She then accepted the Court's suggestion that she file a motion for summary judgment, but instead filed other motions, which the Court interpreted liberally as a motion for summary judgment. See Appendix E. Throughout the ten-month period this action has been pending before me,

plaintiff has repeatedly ignored both the general written instructions of the Court and specific directives in this case, and has exhibited no interest whatever in proceeding to trial on her claim. Continued pendency of the action could only result in further harassment of defendants and abuse of this Court's limited resources. Accordingly, the complaint is dismissed with prejudice.

SO ORDERED.

UNITED STATES COURTHOUSE
NEW YORK, NEW YORK 10007

WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE

March 14, 1983

Ms. Willia B. Screen
615 East 21st Street
Brooklyn, New York 11226

 Re: Screen v. New York City
 Department of Finance
 76 Civ. 308(WCC)

Dear Ms. Screen:

 The case of Screen v. New York City Department of Finance, 76 Civ. 308(WCC), has been reassigned to Judge Conner following Judge Weinfeld's recusal. Enclosed you will find a copy of Judge Conner's standing instructions, as well as his requirements for preparing a case for trial.

 Judge Conner has scheduled this matter for trial beginning July 18, 1983 at 10:00 A.M. in Courtroom 129. This is a firm trial date, and an application for an extension will be granted only in an extreme situation, and only after a conference is held before Judge Conner. Judge Conner has also scheduled a pretrial conference to be held Friday, March 18, 1983 at 11:30 A.M. in Room 608 of the Courthouse.

 We look forward to meeting you on March 18th.

 Sincerely,

 Robert A. Sacks
 Law Clerk

RAS:lt
Enclosures (2)

APPENDIX A

UNITED STATES COURTHOUSE
NEW YORK, NEW YORK 10007

WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE

December 12, 1983

Ms. Willia B. Screen
615 East 21st Street
Brooklyn, New York 11226

 Re: Screen v. N.Y.C. Dept. of Finance
 76 Civ. 308 (WCC)

Dear Ms. Screen:

 Judge Conner has requested that I write to remind you that the trial of the above-captioned action will commence on Tuesday, January 3, 1984, at 10:00 A.M. in Courtroom 618. Prior to the commencement of trial, you are required to file certain pretrial statements in accordance with a schedule of instructions established by the Judge. A copy of that instruction sheet is enclosed in case you have lost the copies previously furnished to you. Although I believe the instructions are self-explanatory, you should feel free to contact chambers if you have any questions. In addition, Debra Wolin, Esq., Pro Se Clerk for this District, is always available to provide assistance to pro se litigants.

 Judge Conner has also requested that I remind you of the statement he included in his Opinion and Order dated October 28, 1983, which warns that "[u]nexcused failure to comply with the time schedule established in those instructions for the filing of an agreed statement of facts and proposed jury charges and the exchange of copies of exhibits and lists of witnesses will be deemed ground for dismissal of the action for want of prosecution." Accordingly, please be sure that you comply with the Judge's requirements.

 Best Wishes for a Healthy and Prosperous New Year. We look forward to seeing you on January 3.

 Sincerely,

 Robert A. Sacks
RAS:lt Senior Law Clerk
cc: Valarie Bacon, Esq.,
 Asst. Corporation Counsel

APPENDIX B

UNITED STATES COURTHOUSE
NEW YORK, NEW YORK 10007

WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE

December 16, 1983

Ms. Willia B. Screen
615 East 21st Street
Brooklyn, New York 11226

Re: Screen v. N.Y.C. Dept. of Finance
76 Civ. 308 (WCC)

Dear Ms. Screen:

In view of the confusion you expressed during our telephone conversation the other day, I am writing to clarify your obligations under the trial schedule Judge Conner has established. Trial of this action will commence at 10:00 A.M. on Tuesday, January 3, 1984 in Courtroom 618. Although you have filed a notice of appeal from Judge Conner's order, dated October 28, 1983, denying your motion for summary judgment, denial of a motion for summary judgment is plainly not an appealable order. Consequently, your notice of appeal does not divest the district court of jurisdiction to proceed with the case. See, e.g., Cochran v. Birkel, 651 F.2d 1219, 1221-23 (6th Cir. 1981), cert. denied, 454 U.S. 1152 (1982)(holding that appeal from nonappealable order may properly be disregarded by district court); Browning Debenture Holders Committee v. Dasa Corp., 454 F. Supp. 88, 93-95 (S.D.N.Y.), aff'd, 605 F.2d 35 (2d Cir. 1978)(appeal from nonappealable order a nullity).

Judge Conner intends to proceed with this case in accordance with the schedule previously set. You should, therefore, complete your preparations for trial and submit the pretrial documents as required by the instruction sheet which you have been given on several prior occasions.

Best Wishes for a Happy Holiday Season. We look forward to seeing you on January 3, 1984.

Sincerely,

Robert A. Sacks
Senior Law Clerk

RAS:lt

cc: Valarie Bacon, Esq.
Assistant Corporation Counsel

APPENDIX C

UNITED STATES COURTHOUSE
NEW YORK, NEW YORK 10007

WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE

December 29, 1983

Ms. Willia B. Screen
615 East 21st Street
Brooklyn, New York 11226

Re: Screen v. N.Y.C. Dept. of Finance
76 Civ. 308 (WCC)

Dear Ms. Screen:

I am writing yet again to remind you about the trial date set for Tuesday, January 3, 1984 at 10:00 A.M. in Courtroom 618. In accordance with Judge Conner's pre-trial instructions, you were required to submit an agreed statement of facts and proposed jury charges no later than this past Tuesday, December 27, 1983. Although we have received defendants' submissions, we have not received anything from you. In the event that you did indeed file papers that somehow, erroneously, were not received in chambers, please contact us immediately.

Sincerely,

Robert A. Sacks
Senior Law Clerk

RAS:lt
Special Delivery

cc: Valarie Bacon, Esq.,
 Assistant Corporation Counsel
 100 Church Street
 New York, New York 10007

APPENDIX D

UNITED STATES COURTHOUSE
NEW YORK, NEW YORK 10007

WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE

May 20, 1983

Ms. Willia B. Screen
615 East 21st Street
Brooklyn, New York 11226

 Re: Screen v. NYC Department
 of Finance, et ano.
 76 Civ. 308(WCC)

Dear Ms. Screen:

 This letter will merely confirm the sub-
stance of the conference held this morning before
Judge Conner. As Judge Conner indicated, he is
removing this case from his trial calendar and
putting it on his Suspense docket because of your
vociferous claims that there exist no issues in
this case that need to be tried, and that you do
not wish to have a trial on July 18th. He expects
that you will either move directly for summary
judgment, or take additional discovery before making
such a motion. Your discovery requests must, however,
adhere to the procedures set forth in the Federal
Rules of Civil Procedure . As Judge Conner ruled, the
defendants are under no obligation to respond to your
"Stipulation of Settlement" as it presently exists.

 If you have any questions concerning how to
proceed or what supporting documents are required in
a motion for summary judgment, Ms. Debra Wolin, Esq.,
Pro Se Clerk for the United States District Court,
Southern District of New York, might be able to offer
you assistance.

 Sincerely,

 Robert A. Sacks
 Law Clerk

RAS:lt

cc: Valarie L. Bacon, Esq.,
 Assistant Corporation Counsel

APPENDIX E