**Yusuf YACUB, Plaintiff,**

v.

**Thomas A. COUGHLIN, et al., Defendants.**

**No. 80 Civ. 7140 (SWK).**

United States District Court, S.D. New York.

March 15, 1985.

Yusuf Yacub, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City, by Bridget E. Farrell, Raymond J. Foley, Asst. Attys. Gen., New York City, for defendants.

MEMORANDUM OPINION
AND ORDER

KRAM, District Judge.

The above-captioned action was filed by plaintiff, *pro se*, on December 16, 1980. Over the next sixteen months, plaintiff filed several motions, served extensive discovery requests, and amended his complaint twice—all *pro se*. On April 2, 1982, this Court per the Honorable John E. Sprizzo, appointed counsel to represent plaintiff. The case continued to be actively litigated by counsel until about April, 1983, when plaintiff was released from prison on parole. At that point plaintiff's appointed counsel began having trouble communicating with his client. The case was reassigned to me on May 24, 1983.

On October 31, 1983, plaintiff's appointed attorney filed a motion to withdraw from the representation of plaintiff on the ground that plaintiff had "persistently refused to cooperate in the preparation of this case or to communicate with me or my associate." (Affidavit of Kent S. Bernard,

Esq., ¶ 2.) The Court was advised that plaintiff had not communicated with counsel for approximately four or five months (*id.,* ¶ 5) and had failed to even respond to counsel's missives—three letters and several phone calls (*id.,* ¶¶ 6–7). A copy of this motion was served on plaintiff. The Court waited several weeks before deciding this motion to provide plaintiff with an opportunity to object to counsel's dismissal. No objection, or any other response, was forthcoming from plaintiff. Counsel's application was granted on January 16, 1984.

In an effort to move this case along, since it had been sitting idly on my docket for several months, I asked my law clerk to contact plaintiff to ascertain whether he intended to proceed with the action. *See* Appendix A. My law clerk wrote to plaintiff again on May 21, 1984, to determine whether he intended to proceed. *See* Appendix B. Plaintiff did not respond to either letter.

In a final effort to move this case along, I scheduled a pretrial conference to be attended by plaintiff and counsel for defendants. *See* Appendixes C, D. The pretrial conference was held, as scheduled, on December 7, 1984. Plaintiff did not attend this conference.

I did not take any action at that time to allow plaintiff an opportunity to explain his absence from the conference. In the three months that have elapsed since that conference, however, plaintiff has not contacted the court for any purpose.

Plaintiff's prosecution of this action, as exhibited by the spate of *pro se* activity at the commencement of the action and the consistent progress by counsel thereafter, has ended. In light of plaintiff's total failure to pursue his action for the past twenty-one months (the entire time that it has been before me), his repeated failure to respond to his own counsel's missives, his repeated failure to respond to letters from the Court, and his failure to attend the pretrial conference scheduled in this case, the Court assumes that plaintiff does not wish to proceed any longer. The Court, therefore, has no choice but to dismiss his complaint with prejudice for want of prosecution. *See Screen v. New York City Dep't of Fin.,* 100 F.R.D. 460 (S.D.N.Y. 1984); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (action dismissed for plaintiff's failure to appear at pretrial conference); *Wisdom v. Texas Co.,* 27 F.Supp. 992 (N.D.Ala. 1939) (plaintiff's failure to appear at pretrial conference constituted failure to prosecute; action dismissed). Judge Conner's comments in *Screen* are particularly appropriate here:

> Throughout the ... period this action has been pending before me, plaintiff has repeatedly ignored both the general written instructions of the Court and specific directives in this case, and has exhibited no interest whatever in proceeding to trial on [his] claim.

100 F.R.D. at 461–62. The Court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn. Accordingly, the complaint is dismissed with prejudice.

SO ORDERED.

### APPENDIX A

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
NEW YORK, N.Y. 10007

CHAMBERS OF
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

January 20, 1984

154

Mr. Yusuf Jacub
2819 Morris Avenue, Apt. #1A
Bronx, New York 10468

Re: Yacub v. Coughlin, et al. 80 Civ 7140 (SWK)

Dear Mr. Yacub:

As you know, your case is currently pending before
Judge Shirley Wohl Kram. I am enclosing a copy of
an Order signed by Judge Kram permitting Mr. Bernard
and Mr. Chang to withdraw as your attorneys in this
case. You are now responsible for the progress of your
case.

Would you please advise the Court whether you
intend to proceed with this action? It has been many
months since anything was done in your case, and the
Court wants to have this case ready for trial soon.

If you have any questions, please do not hesitate
to contact me.

Sincerely,

/s/ William A. Groll

WILLIAM A. GROLL
Law Clerk

cc: Raymond J. Foley, Esq.
 Assistant Attorney General
 Two World Trade Center
 New York, New York 10047

APPENDIX B

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
NEW YORK, N.Y. 10007

FILED
JUL 2 1984
S. D. OF N. Y.

CHAMBERS OF
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

May 21, 1984

Mr. Yusuf Yacub
2819 Morris Avenue, Apt. #1A
Bronx, New York 10468

re: Yacub v. Coughlin, et al., 80 Civ. 7140(SWK)

Dear Mr. Yacub:

Several months ago, I wrote to you requesting that you advise the Court whether you intend to proceed with your action. To date, we have not received any response to that letter. In the event that you did not receive my prior letter, I am enclosing a copy of it with this letter.

Judge Kram has asked me to contact you once again to find out if you intend to proceed with this action. If you do not wish to proceed, Judge Kram will dismiss the action. If, on the other hand, you wish to proceed, you should contact us immediately so that we can schedule a conference and begin again to move this case toward trial.

If you have any questions, please do not hesitate to contact me. We await your response.

Sincerely,

William A. Groll
Law Clerk

cc: Raymond J. Foley, Esq.
 Assistant Attorney General
 Two World Trade Center
 New York, New York 10047

## APPENDIX C

**UNITED STATES DISTRICT COURT**
UNITED STATES COURTHOUSE
NEW YORK. N.Y. 10007

CHAMBERS OF
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

September 18, 1984

Mr. Yusuf Jacub
2819 Morris Avenue, Apt. #1A
Bronx, New York 10468

Raymond J. Foley, Esq.
Assistant Attorney General
Two World Trade Center
New York, New York 10047

Re: Yacub v. Coughlin, et al.
 (80 Civ. 7140)

Dear Sirs:

Please be advised that you are to appear before Judge Kram for a pretrial conference on November 16 at 10:30 a.m. in courtroom 318.

Sincerely,

*Cherstin Hamel*

Cherstin M. Hamel
Courtroom Deputy

cc: Mr. Raymond Burghardt, Clerk

## APPENDIX D

### UNITED STATES DISTRICT COURT
#### UNITED STATES COURTHOUSE
#### NEW YORK. N.Y. 10007

CHAMBERS OF
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

October 10, 1984

Mr. Yusuf Jacub
2819 Morris Avenue
Aprt. #1A
Bronx, New York 10468

Raymond J. Foley, Esq.
Assistant Attorney General
Two World Trade Center
New York, New York 10047

Re: Yacub v. Coughlin, et al.
80 Civ. 7140

Dear Sirs:

Please be advised that the conference originally scheduled for November 16 at 10:30 a.m. has been changed to December 7 at 10;30 a.m. in courtroom 402.

Sincerely yours,

*Cherstin Hamel*

Cherstin M. Hamel
Courtroom Deputy

cc: Mr. Raymond F. Burghardt, Clerk