**William Rufus BLACKWELL, Individually and as Executor of the Estate of Eula Mae M. Blackwell, deceased, Plaintiff,**

v.

**AMCHEM PRODUCTS, INC., Defendant.**

**No. CV481–142.**

United States District Court, S.D. Georgia, Savannah Division.

June 7, 1985.

Terry E. Richardson, Jr., Blatt & Fales, Barnwell, S.C., Darlene Y. Ross, Savannah, Ga., for Carey Canada Inc. and Celotex Corp.

Hunter & Woodall, John T. Woodall, Savannah, Ga., for AC and S.

Bouhan, Williams & Levy, James M. Thomas, Savannah, Ga., for Standard Asbestos Mfg.

Porter, Davis & Saunders, Frederick F. Saunders, Jr., Mary E. Mann, Atlanta, Ga., for Armstrong World Industries, Inc.

Long, Weinberg, Ansley & Wheeler, John E. Talmadge, J.M. Hudgins, IV, Atlanta, Ga., for Celotex Corp.

Fulcher, Hagler, Reed, Obenshain, Hanks & Harper, William C. Reed, Augusta, Ga., for Fobrebpard Corp.

Hurt, Richardson, Garner, Todd & Cadenhead, J. Wayne Pierce, Atlanta, Ga., for Eagle Picher Industries, Inc. and Forty Eight Insulations, Inc.

Neely, Player, Eichelberger, Hamilton, Hines & Welch, Edgar A. Neely, Jr., Richard K. Hines, Atlanta, Ga., for Raybestos-Manhattan, Inc.

Hull, Towill, Norman & Barrett, Patrick J. Rice, Neal W. Dickert, Augusta, Ga., for GAF Corp.

Kenyon, Hulsey & Oliver, James E. Mahar, Jr., Gainesville, Ga., for Unarco Industries, Inc.

Telford, Stewart & Stewart, J. Douglas Stewart, George W. Brinson, Gainesville, Ga., for Nicolet, Inc.

Edward E. Dorsey, Jesse W. Hill, Atlanta, Ga., for Fiberglas Corp.

William H. Whaley, Atlanta, Ga., for Nat. Gypsum Co.

Albert Parnell, Atlanta, Ga., for Johns-Manville Sales Corp.

H. Andrew Owen, Atlanta, Ga., for Amatex Corp.

Richard P. Schultz, Atlanta, Ga., for Keene Corp.

Sewell K. Loggins, Michael Elsberry, Atlanta, Ga., Andrew T. Berry, Newark, N.J., for Owens Illinois, Inc.

Thomas S. Gray, Jr., Savannah, Ga., for Rock Wool Mfg. Co.

Williston C. White, Stephen L. Goldner, Atlanta, Ga., for H.K. Porter, Co. & North American Asbestos Corp.

Tommy T. Holland, Robert A. Barnaby, II, Atlanta, Ga., for Garlock, Inc.

William H. Whaley, Atlanta, Ga., for Crane Packing Co.

James B. Wall, Burnside & Wall, Augusta, Ga., and Marc Z. Edell, Morristown, N.J., for Lac d'Aminate Du Quebec, Ltee.

Edward T. Brennan, Savannah, Ga., for Amchem Products, Inc. (Amchem, Inc.).

## ORDER

EDENFIELD, District Judge.

Before the Court is the plaintiff's motion for sanctions against defendant Amchem Products, Inc. (Amchem).

### I. *Background*

This case, like the scores of other asbestos cases brought by plaintiff's counsel, began with a shotgun blast of allegations against some twenty-six defendants. Thereafter, the action fit into a litigational pattern now quite familiar to the Court and thus worthy of further description.

In "shotgun blast" asbestos cases, defendants find through discovery that the plaintiff's evidence against them is either non-existent, weak, or strong. Thus, some defendants are able to obtain summary dismissal. Others individually negotiate and settle with the plaintiff. Still others band together and buy their collective peace by way of a settlement pool. Finally, there are those defendants who insist that a plaintiff can prove no liability against them and thus refuse to consider settlement. Such defendants may attempt to minimize their litigational costs and simply await a jury's verdict.

Defendant Amchem falls into the last category. In fact, Amchem declined to attend depositions taken in the instant case. In addition, it failed to file a witness list and failed to attend the pretrial conference. On Monday, April 22, 1985, the day trial was scheduled, Amchem was ready for trial with a defense witness flown in from another state. Plaintiff's counsel, however, moved for a continuance because of plaintiff's medical problems and inability to testify on that day.[1]

### II. *Conclusion*

Plaintiff argues that the Court should strike Amchem's witness list because it is untimely and because Amchem failed to appear at the pretrial conference. Counsel for Amchem represents that his firm has been experiencing problems receiving mail due to its withdrawal from affiliation with another law partnership. Thus, he never received plaintiff's witness list and he was unaware of this Court's trial schedule until he received a letter from the Clerk on March 19, 1985. For such unprofessional-

---

1. Amchem's counsel, Mr. Albert Clark, also asserts that even though he had been in contact with plaintiff's counsel on the Friday before the Monday trial date, plaintiff's counsel failed to inform him that plaintiff would move for the continuance on Monday, even though plaintiff's counsel knew at that time that the motion would be necessary. This omission is particu-

larly glaring, Clark contends, in light of the fact that plaintiff's counsel had been asked to notify Clark over the weekend in the event that plaintiff did not intend to go to trial. Amchem's witness, flown to Savannah at considerable expense, went unused. These assertions stand unrefuted. Suffice it to say that they leave plaintiff's counsel with unclean hands.

ism the Court fined counsel's law firm $250.

In addition, Amchem attorney Albert Clark represents that, through conversation with plaintiff's counsel, he had received the impression that the pretrial conference in question was only a settlement conference, to which Amchem would have no need to attend. Thus, maintains Amchem, no willful disregard of this Court's pretrial rules was involved in this case.

The Court accepts attorney Clark's representations. It is apparent that this defendant was trying, in a context where one may easily allege liability without proof and exact "nuisance value" settlements, to minimize its litigational costs by employing a local law firm to do little more than file responsive pleadings until this Court called the case for trial. That such minimization went too far in this case is evident; that such excess was due to communicational mishap and/or poor file supervision is both plausible and pardonable.[2]

Plaintiff argues that defendant should suffer the same fate as the plaintiffs in *Brazell v. National Gypsum, et al.,* CV483–97 (S.D.Ga.1984) and *Bevill v. National Gypsum, et al.,* CV483–121 (S.D.Ga. 1984) suffered when this Court struck witness lists in those cases due to untimeliness. The Court thinks not. There is a principled distinction between responsibilities imposed on one who initiates a lawsuit and one who defends against it. This is fundamental and is best demonstrated in the federal rules of civil procedure. The plaintiff, for example, has the duty to prosecute his case. *See, e.g., Yacub v. Coughlin,* 105 F.R.D. 152 (S.D.N.Y.1985) (action dismissed for failure to prosecute). Fed.R. Civ.P. 41(b); *see also Ford v. Sharp,* 758 F.2d 1018, 1021 (5th Cir.1985) ("Whether or not to dismiss an action under Fed.R.Civ.P. 41(b) for failure to prosecute is an inherent

power of the court, to be exercised in the district court's discretion.").

The plaintiff also has the burden of producing evidence at trial, while the defendant not only is under no such burden, but is free to move for a directed verdict in its favor should plaintiff fail to meet its evidentiary burden. Fed.R.Civ.P. 50.

In short, it is the plaintiff who is charged with the responsibility to keep the fires of controversy alive and the defendants held close to the flames. This does not mean that defendants may escape sanction for failing to comply with discovery, *see, e.g., American Hangar, Inc. v. Basic Line, Inc.,* 105 F.R.D. 173 (D.Mass.1985), or for failing to timely furnish a witness list. It does mean, however, that in this context different considerations are warranted when sanctions are at issue.

In the instant case, defendant's faulty performance is indeed a source of annoyance but nevertheless does not justify what in effect would be a default judgment against it. No blatantly contumacious conduct or pattern of dilatory tactics is evident in this case. *Compare Hinely v. Carey Canada, Inc.,* C.A. 80–3141 (Chatham Cty State Ct Jan. 2, 1985). Nor did the full weight of case-prosecuting responsibility fall on this party, as it did on the plaintiffs in *Bevill* and *Brazell.* Although in the future there may arise good cause for imposing the sanction plaintiff now seeks, under the circumstances of this case the fine this Court assessed against defense counsel is appropriate; further sanctions are not.

In light of the above discussion on sanctions, it is appropriate to remind plaintiff's counsel of one other rule of civil procedure: Rule 11. Baselessness in litigation, now viewed under an *objective*, rather than *subjective* good faith standard, goes not without financial penalty to those attorneys who foster it. *See, e.g., Woodfork By and*

---

**2.** Linda J. Tucker, secretary for defense counsel's law firm, attests that 1) the firm never received plaintiff's witness list; and 2) despite the firm's written notice to plaintiff's counsel's firm apprising it of the proper mailing address, that firm persists in sending materials to the

wrong post office box. Affidavit of Linda J. Tucker at 2–3. Affidavits from plaintiff's counsel's staff members indicate otherwise. The Court will give defense counsel the benefit of the doubt.

*Through Houston v. Gavin,* 105 F.R.D. 100, 104 (N.D.Miss.1985) (Under Rule 11, attorney who signs a document is obligated "not only to conduct reasonable investigation into the facts before filing, but also to continually review, examine and re-evaluate his position as the facts of the case come to light. If an attorney subsequently becomes aware of information or evidence which reasonably leads him to believe that there is *no factual* or legal basis for his position, giving due regard to the standard of proof, then that attorney is under an obligation to re-evaluate the earlier certification of the cause ...") (emphasis added); *Van Berkel v. Fox Farm & Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984) (Rule 11 sanction imposed on plaintiff's attorney for failure to make reasonable inquiry regarding statute of limitations period before filing products liability action); *Wells v. Oppenheimer & Co.,* 101 F.R.D. 358 (S.D. N.Y.1984); *see also Fitzgerald v. Seaboard System R.R. Inc.,* 760 F.2d 1249, 1251 (11th Cir.1985) ("In a situation where a party or the parties attempt to create jurisdiction that does not exist, the sanctions permissible pursuant to Fed.R.Civ.P. 11 should be and will be utilized. Likewise where there is no good faith effort to determine if jurisdiction is present Rule 11 sanctions are appropriate."); *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181 (1985). This Court's scarce resources shall not be consumed by an asbestos trial where the exposure evidence against a particular defendant is, by an objective standard, so minimal that a directed verdict for the defendant is virtually a foregone conclusion.

To summarize, plaintiff's motion for sanctions against the defendant is DE-NIED.