572

ACEROS INDUSTRIALES, S.A. DE C.V., Plaintiff,

v.

FLORIDA STEEL CORPORATION, Titan Industrial Corporation, Western Hemisphere Titan, Inc., U.S. Steel International, Inc., and U.S. Steel Western Hemisphere, Inc., Defendants.

81 Civ. 1186 (SWK).

United States District Court, S.D. New York.

July 16, 1985.

See also, D.C., 528 F.Supp. 1156.

Gadsby & Hannah by Harry H. Wise, III, New York City, for plaintiff.

Mudge Rose Guthrie Alexander & Ferdon by Shelley B. O'Neill, New York City, for defendants Florida Steel Corp., U.S. Steel International, Inc., and U.S. Steel Western Hemisphere, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before the Court upon the motion of defendants Florida Steel Corporation, U.S. Steel International, Inc., and U.S. Steel Western Hemisphere, Inc., (collectively "the moving defendants") to dismiss the complaint, pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute the action. For the reasons stated below, the motion is granted.

### BACKGROUND

The above-captioned action was filed on February 27, 1981. Over the next nineteen months, the parties filed several documents, almost all relative to two separate summary judgment motions filed by defendants.* The second of those motions was decided on December 23, 1982. The case was reassigned to me on May 23, 1983. There was no further activity in this case after the December 23 decision on defendants' motion.

In an effort to move this case along, I scheduled a pretrial conference for August 31, 1984. At that conference, plaintiff's attorney advised the Court that he had been encountering difficulties in communicating with his client, a Honduran company. Plaintiff's attorney requested sixty days to determine if his client wished to proceed with this action and asked that the case be placed on the Suspense Docket of this Court in the interim. The Court held another pretrial conference on November 9, 1984. At that conference plaintiff's attor-

---

* As a result of those motions, six of the eight counts asserted in plaintiff's complaint were dismissed.

ney advised the Court that he had received one return communication from his client, which requested further information, but that he had not been able to ascertain his client's wishes regarding the continued prosecution of this case.

Thereafter, the moving defendants filed this motion to dismiss for failure to prosecute. Plaintiff filed no papers in response to the motion.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute." The record clearly establishes that plaintiff's prosecution of this action, if it ever truly existed, has ended. The last document of any kind filed on behalf of plaintiff in this action was a response to the second summary judgment motion submitted on August 27, 1982. The Court was further advised that there has been "no discovery, no settlement discussions, and no contact of any kind between the parties" since July, 1982, save for the two pretrial conferences held in 1984. (Affidavit of Shelley B. O'Neill, Esq., dated November 16, 1984, paragraph 7.) Plaintiff failed to even respond to the motion currently before the Court.

In light of plaintiff's total failure to pursue this action for the past thirty-five months (including more than the entire time that it has been before me), plaintiff's failure to respond to its own counsel's missives, and its failure to even respond to this motion, the Court finds that dismissal of this action for want of prosecution is warranted. *See Yacub v. Coughlin,* 105 F.R.D. 152 (S.D.N.Y.1985); *see also Chira v. Lockheed Aircraft Corp.,* 85 F.R.D. 93 (S.D.N.Y.), *aff'd,* 634 F.2d 664 (2d Cir.1980).

The Court cannot permit this litigant, or any litigant to abuse its scarce resources while thousands of other litigants, desirous and deserving of relief, patiently await their day in court. *See Yacub,* 105 F.R.D. at 153; *see also Quagliano v. United States,* 293 F.Supp. 670, 672 (S.D.

N.Y.1968). Accordingly, the moving defendants' motion is hereby GRANTED and the complaint is dismissed with prejudice.

SO ORDERED.