**Faye RUBIN, Plaintiff,**

v.

**ABBOTT LABORATORIES, Defendant.**

**No. 13–cv–8667 (CM)**

United States District Court,
S.D. New York.

Signed November 9, 2016

Ellen Margaret Nichols, EMN Law, P.C., New York, NY, for Plaintiff.

David Morrison, Meredith Schwartz Kirshenbaum, Goldberg Kohn Ltd., Chicago, IL, Gregory Francis Hauser, Sherica Rene Bryan, Wuersch & Gering LLP, New York, NY, for Defendant.

## MEMORANDUM DECISION AND OR-DER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAIL-URE TO PROSECUTE

Hon. Colleen McMahon, Chief Judge:

Nearly three years ago, plaintiff Faye Rubin, represented by counsel, brought this employment-related discrimination action against Abbott Laboratories ("Abbott") alleging that she was discriminated and retaliated against on the basis of her gender or pregnancy, that she experienced a hostile work environment, and that she was denied of equal pay in violation of federal, state, and municipal laws. Presently before the Court is Abbott's motion to dismiss Rubin's complaint for failure to prosecute or, in the alternative, to preclude Rubin from introducing certain evidence at trial. For the following reasons, Abbott's motion to dismiss with prejudice is granted; Abbott's alternative motion to preclude is denied as moot.

## BACKGROUND

For purposes of this motion to dismiss, the facts pleaded in the Complaint will be presumed true.

Rubin filed a complaint against her former employer, Abbott, on December 6, 2013, asserting nine causes of action under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights Law. On February 11, 2014, Abbott moved to dismiss the action, which the Court granted in part and denied in part on June 4, 2014. The case was then referred to mediation and following an unsuccessful mediation session on November 25, 2014, the Court issued a case management plan that established dates and deadlines for discovery and pre-trial submissions.

Abbott moved for summary judgment on April 2, 2015, to which Rubin filed an opposition but not a counter-statement of facts, per Local Rule 56.1. Pending the Court's decision on Abbott's motion for summary judgment, the Court ordered the parties to file a joint pre-trial order, instructing that the parties' failure to do so could result in dismissal or default. Rubin ignored the Court's order by failing to file any pre-trial materials. Abbott was forced to file a pre-trial order on its own.

The Court ultimately granted in part and denied in part Abbott's summary judgment motion on September 23, 2015. Over the next ten months, Rubin did nothing to press what was left of her case. The Court issued a trial notice to the parties on July 25, 2016. On August 1, 2016, Abbott moved to dismiss this case for Rubin's failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). In the alternative, Abbott moved to preclude Rubin from introducing certain evidence at trial. Rubin did not respond.

By Order dated October 17, 2016, this Court ordered Rubin to file an opposition to Abbott's motion to dismiss by October 25, 2016 to file her opposition. She has not done so, and the time for doing so has now passed. Therefore, the Court will treat Defendant's motion as unopposed.

## DISCUSSION

### I. Standard

Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." Fed. R. Civ. P. 41(b). The Second Circuit has held that dismissal for lack of prosecution is a "harsh remedy" that should "be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("*Drake*").

Under the rubric set out in *Drake*, dismissal is proper if, "in light of the record as a whole," balancing the following factors weighs in favor of dismissal: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given

notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*

■ As discussed below, balancing these five factors leads the Court to conclude that the dismissal of Rubin's complaint is warranted.

## II. The Five *Drake* Factors Counsel in Favor of Dismissal

### A. Factor One: Delay

■ The first factor—delay of significant duration—is examined in two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration. *Id.* at 255.

First, the delay in prosecution of this action, which began after this Court granted in part and denied in part Abbott's summary judgment motion in May 2015, is unquestionably due to Rubin. For the last seventeen months, Rubin has failed to provide any written responses to Abbott's document or interrogatory requests or disclose any expert identities or opinions, ignored two court orders, and not taken a single step to ready her claims for trial or otherwise allow Abbott to prepare a defense. She also neglected to respond to Abbott's motion to dismiss this action for failure to prosecute. This is precisely the sort of behavior that has, in the past, led to the dismissal of complaints for failure to prosecute. *See e.g., Lopez v. Catholic Charities of the Archdiocese*, No. 00–cv–1247, 2001 WL 50896, at *4–5 (S.D.N.Y. Jan. 22, 2001).

The failure to prosecute this action cannot be attributed to Abbott. Abbott has sought to move this lawsuit forward, even filing without Rubin's input what was ordered to be a *joint* pre-trial order.

Second, the seventeen-month delay is of significant duration. The Second Circuit has not indicated exactly how much time must elapse before a delay qualifies as "significant," but precedent suggests that delays of even less than one year may qualify. Indeed, at least one of my colleagues has concluded that a delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." *Peters–Turnbull v. Bd. of Educ. of City of New York*, No. 96–cv–4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999). Other courts have dismissed cases under Rule 41(b) for delays of six months, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980), and even four months, *Deptola v. Doe*, No. 04–cv–1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005).

Rubin's continuous silence over the last seventeen months—despite a direct court order to act—speaks to her lack of interest in pursuing this action. Indeed, it is highly significant that Rubin has done nothing to rectify her defalcations in the three-plus months since Abbott moved to dismiss this action. The entire period of non-prosecution is comfortably beyond whatever nonspecific minimum the law requires before Rule 41(b) dismissal becomes appropriate.

### B. Factor Two: Notice

The second inquiry in the *Drake* rubric asks whether the plaintiff has received notice from the court that further delays would result in dismissal.

Abbott filed its motion to dismiss on August 1, 2016. In that motion, Abbot forcefully argued that Rubin's action should be dismissed because Rubin has been an absentee plaintiff for the past seventeen months.

On October 17, 2016, this Court sent Rubin a notice specifically stating that failure to prosecute would result in dismissal. The Court set a clear deadline for Rubin's response and, in plain terms, set out the consequence for non-response. Despite this order, Rubin did not bother to respond and has not otherwise communicated with the Court.

Rubin is represented by counsel. The Court and Abbott have repeatedly given notice to Rubin through her counsel at the address listed on the docket sheet. Counsel was never relieved; the court was never asked to relieve counsel. Having heard nothing in response to our many communications,

the Court dialed the phone number for counsel listed on the docket sheet. It appears that there is a working law office at that number; we left a message, asking counsel to call chambers. No such call has been received.

The court has not been able to send notices directly to Rubin as we have no address for her. But when a party is represented notice to counsel suffices to meet the requirement for notice before dismissing a claim for failure to prosecute.

All litigants are responsible for keeping the Court apprised of any changes to their notice address and to the status of their representation, so that orders, notices and other court documents can reach them. Counsel's failure to communicate with the Court is chargeable to Rubin; and Rubin's failure to apprise the Court of any change in representation convinces me that she is indifferent to the outcome of this matter.

### C. Factor Three: Prejudice

Prejudice to the defendant may be presumed from an unreasonable delay in prosecution. Seventeen months is, by any measure, unreasonable. "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." *Antonios A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc.*, No. 99–cv–9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). During the seventeen months that Abbott has waited for Rubin to prosecute her case, Abbott has unilaterally submitted a pre-trial order and prepared for this Friday's Final Pre–Trial Conference by filing *in limine* motions. Rubin has shown no intention of providing Abbott or the Court with her own exhibits or witnesses and is already in default for failing to file a Final Pre–Trial Order. Nor has she provided Abbott with any response to its *in limine* motions. Rubin and her counsel have not bothered to respond even to this, the ultimate motion.

Abbott has been and will be prejudiced by further delay; the longer the litigation process continues, the less likely it is that critical witnesses will be available. *See Yang v. Greyhound Lines, Inc.*, No. 07–cv–6499, 2008 WL 3126188, at *2 (S.D.N.Y. July 14, 2008).

This factor weighs heavily in favor of dismissing the action.

### D. Factor Four: Balancing Docket Congestion With the Opportunity to Be Heard

The fourth *Drake* factor requires courts to consider the district court's calendar congestion in light of the plaintiff's right for an opportunity to be heard. *Drake*, 375 F.3d at 257. "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996). Nonetheless, "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources" may warrant a dismissal under Rule 41(b). *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980); *see Yacub v. Coughlin*, 105 F.R.D. 152, 153 (S.D.N.Y. 1985) ("The court cannot permit this litigant, or any litigant, to abuse its scarce resources while many others, desirous and deserving of relief, must patiently await their turn.").

Courts in this district have held that calendar congestion outweighed a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard. *See Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013); *Yang*, 2008 WL 3126188, at *2. That is clearly the case here, where Rubin has failed to contest the very motion that would dispose of her case in its entirety. The record also indicates that Rubin snubbed opportunities to be heard even during the period that she was participating in the litigation; she failed to meaningfully participate in discovery by not providing written responses to Abbott's document or interrogatory requests and did not disclose any expert identities or opinions, and she failed to submit a response to Abbott's 56.1 Statement of Material Facts in support of its Motion for Summary Judgment.

### E. Factor Five: Appropriateness of Lesser Sanctions

The fifth and final factor pertains to "whether lesser sanctions would have been sufficient to remedy any prejudice resulting

from plaintiff's delay." *Drake*, 375 F.3d at 257 (citation omitted). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *South New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (citation omitted).

Here, it would not even be possible to impose lesser sanctions; Rubin has been inaccessible for the past seventeen months. Courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed. *Blake v. Payane*, No. 08–cv–09302011, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) (" '[N]o lesser sanction would be effective, since [plaintiff] would be unaware that any sanction had been imposed.' ") (quoting *Lewis v. Power*, No. 04–cv–6128L, 2007 WL 160759, at *2 (W.D.N.Y. Jan. 17, 2007)); *Dong v. United States*, No. 02-cv-7751, 2004 WL 385117, at *3 (S.D.N.Y. 2004) ("[N]o remedy other than dismissal makes sense. Ordinarily, I might send [plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him."); *Camara v. Daise*, No. 98–cv–808, 2001 WL 263006, at *4 (S.D.N.Y. 2001) ("[A] lesser sanction would be ineffective and unenforceable because plaintiff's whereabouts are unknown."). Because Rubin has effectively disappeared, she cannot be given notice of any sanction less than dismissal.

### III. Abbott's Motion in the Alternative is Denied

Having dismissed Rubin's complaint with prejudice, the Court need not reach Abbott's alternative motion to preclude evidence at trial. Abbott's motion to preclude is denied as moot.

### CONCLUSION

Considering Rubin's failure to maintain contact with the Court or Abbott and otherwise move this case forward, the above-entitled action is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Abbott's alternative motion to preclude evidence at trial is denied as moot. Inasmuch as this case has now been dismissed in its entirety, Abbott's pending motion *in limine* is also denied as moot.

The Clerk of the Court is directed to remove ECF Nos. 46 and 48 from the Court's list of pending motions and to close the file.